UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES LATTNER,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

Civil No. 05-60206
Criminal No. 01-80640-01

Hon. John Corbett O'Meara

**OPINION AND ORDER DENYING PETITIONER'S
REQUEST FOR RELIEF PURSUANT TO 28 U.S.C. § 2255**

Before the court is a motion to vacate brought by Defendant-Petitioner James Lattner pursuant to 28 U.S.C. § 2255, filed September 7, 2005. The United States filed a response to Lattner's motion on May 2, 2006. Lattner also filed a motion for default judgment or summary judgment on April 27, 2006, to which the United States responded on May 16, 2006. After a careful review of the record, the court is satisfied that an evidentiary hearing is unnecessary.[1] For the reasons set forth below, Lattner's motions are **DENIED**.

**BACKGROUND FACTS**

On July 12, 2002, a jury convicted James Lattner of possession with intent to distribute cocaine base in violation of 28 U.S.C. § 841. On March 27, 2003, Lattner received a sentence of 170 months of incarceration, five years of supervised release, and a $100.00 special assessment. Lattner appealed to the Sixth Circuit, which affirmed his conviction and sentence on October 5,

---

[1] With respect to § 2255 motions, "evidentiary hearings are not required when, as here, the record conclusively shows that the petitioner is entitled to no relief." Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996) (citing Fontaine v. United States, 411 U.S. 213, 215 (1973)).

2004.  On March, 1, 2005, the Supreme Court denied Lattner's petition for writ of certiorari.  Lattner now moves under 28 U.S.C. § 2255 to vacate his sentence, predicating his motion exclusively on claims that his trial and appellate counsels rendered ineffective assistance.

Lattner first addresses his trial counsel's choice to keep Juror No. 12, Phillip Rizzo, on the panel.  During voir dire, the trial court asked Rizzo whether he could be "[f]air and impartial in this case," to which he replied, "I have a problem with it because of my beliefs about the drug issue with my children and everything else, and no, I can't."  Transcript ("TR") at 60.  The court questioned Rizzo further in response:

> THE COURT: I urge you to examine your conscience on this because everybody in our society has opinions about the drug laws we have in this country, and everybody, everybody has had some contact with it, and if we let anyone go from the jury who has a problem – an opinion or a problem with it, we wouldn't have a jury.  Do you think you can be fair and impartial?
> RIZZO: I'll do my best.  TR at 60.

The court asked no further questions of Rizzo.  TR at 60.

Lattner next points to his trial counsel's decision not to object to two alleged errors in the jury charge.  First, Lattner addresses a phrase the court read at the head of a paragraph exhorting the jury's impartiality: "A criminal defendant who does not acknowledge his culpability must be found guilty."  TR at 14.  Second, Lattner notes that the court apparently misread one of the jury instructions, which reads in context: "Your verdict, whether it is guilty or not guilty, must be unanimous . . . If you find him *guilty*, every one of you must agree that the Government has *failed to convince you* beyond a reasonable doubt.  Either way, guilty or not guilty, your verdict must be unanimous."  TR at 1140 (emphasis added).  The United States contends that the court reporter erred in recording this instruction.  In fact, after reading the jury charge, the court asked

whether it misread any of the jury instructions, and neither Lattner's counsel nor the United States objected. TR at 1146.

Lattner further assails his trial counsel's effectiveness for being absent when, during deliberations, the jury sent notes to the court asking to see a number of evidentiary exhibits. TR at 1148. However, one of the notes asked for a non-existent inventory of evidentiary items. TR at 1150-51. Regarding the exhibits that did exist, the court referred to an earlier statement it made in the presence of Lattner's counsel: "[I]f they ask for [the exhibits], they can have them." TR at 1147-48. Likewise, Lattner himself was not present when the court received these communications from the jury and Lattner challenges his counsel's decision not to object to his absence. TR at 1150, 1153-54. However, Lattner and his counsel were present when the jury actually reviewed the exhibits and neither raised any objections. TR at 1153-1154.

Next, Lattner calls into question the effectiveness of his appellate counsel. Lattner alleges, without supporting evidence, that his appellate counsel failed to procure a transcript of the jury charge prior to perfecting his appeal. In response, the United States notes, citing docket entry 118, that a transcript of the jury charge was produced prior to Lattner's appeal. In addition, Lattner challenges his appellate counsel's effectiveness for allegedly omitting issues of merit pertaining to the jury charge. Finally, Lattner challenges his appellate counsel's decision not to appeal the district court's denial of his motion for a new trial. Lattner sought a new trial on the basis that the jury mistook certain evidentiary exhibits for others presented at trial.

## LAW AND ANALYSIS

Lattner exclusively asserts claims of ineffective assistance of counsel in his motion to vacate. To establish a claim of ineffective counsel, "the defendant must show that counsel's

performance was deficient . . . [and] that the deficient performance prejudiced the defense . . . so serious[ly] as to deprive the defendant of a fair trial." Strickland v. Washington, 466 U.S. 668, 687 (1984).  There is a strong presumption that counsel's performance is sufficient.  United States v. Osterbrock, 891 F.2d 1216, 1220 (6th Cir. 1989).  To overcome that presumption, the defendant must show that counsel's conduct could not be attributed to "sound strategy." Strickland, 466 U.S. at 689.  A defense is prejudiced when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

## I.   Effectiveness of Lattner's Trial Counsel

Lattner first addresses his trial counsel's decision to retain Juror No. 12, Phillip Rizzo. However, "[a]n attorney's actions during voir dire are considered to be matters of trial strategy" and thus are accorded particular deference.  Hughes v. United States, 258 F.3d 453, 457 (6th Cir. 2001) (citing Nguyen v. Reynolds, 131 F.3d 1340, 1349 (10th Cir. 1997)); Miller v. Francis, 269 F.3d 609, 615 (6th Cir. 2001).  The voir dire trial strategy "need not be particularly intelligent or even one most lawyers would adopt, but it must be within the range of logical choices an ordinarily competent attorney . . . would assess as reasonable to achieve a 'specific goal.'" Miller, 269 F.3d at 615 (citation omitted).

The Sixth Circuit found counsel in Hughes to be ineffective when he allowed a juror to be impaneled who displayed actual bias during voir dire.  258 F.3d at 464.  The juror's actual bias arose from her close personal relationships to several non-party law enforcement officers in a case predicated on law enforcement testimony.  Id. at 465.  Moreover, neither the court nor counsel in Hughes pursued additional questions to rehabilitate the juror's impartiality after she

informed the court of her bias.  Id.

In this case, the court's questioning of Rizzo did not reveal actual bias rooted in first-hand experience or a close personal relationship but rather an ordinary distaste for illegal drugs based on Rizzo's role as a parent.  As the court noted, dismissing jurors on that basis alone would leave the jury box empty.  In the end, Rizzo acknowledged that he would "try his best" to be impartial.  Assembling a jury is plainly a "specific goal" within the meaning of Miller, and accepting jurors who hesitantly, but ultimately, indicate that they can be impartial is within the range of logical choices a competent attorney might make during voir dire.

Lattner next claims that his counsel should have objected when the court allegedly misled the jury in a jury instruction.  Lattner focuses on a sentence in the jury charge: "A criminal defendant who does not acknowledge his culpability must be found guilty."  He asks the court to interpret this sentence absurdly, such that the jury would have no choice but to find guilty any defendant who plead not guilty.  Such an interpretation would contradict the purpose of a jury trial and the very presence of the jurors themselves.  More properly, the phrase means that a defendant who does not plead guilty must be found guilty by a jury *in order to be convicted*.  Given the sentence's context at the head of a paragraph exhorting the jury's impartiality, no reasonable juror could have interpreted it in any other way.

Lattner similarly claims that his counsel should have objected when the court apparently misread a jury instruction: "If you find him guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt."  Whether, as the United States asserts, the court reporter erred in recording this sentence is immaterial.  However, given that neither Lattner's counsel nor the United States objected when the court gave them the

opportunity to do so, it is dubious that the court misread the phrase. Nevertheless, even assuming *arguendo* that the court misread the instruction as it appears in the record, counsel's failure to object to such a misreading would not have prejudiced the jury.

To support his argument, Lattner cites <u>United States v. Pope</u>, 561 F.2d 663, 671 (6th Cir. 1977), holding "[t]he fact that one instruction is correct does not cure the error in giving another which is inconsistent with it." However, <u>Pope</u> does not apply here. In <u>Pope</u>, the jury convicted defendant of violating 21 U.S.C. § 841, possession with intent to distribute a controlled substance, without having been instructed on the "intent to distribute" element of the crime. <u>Id.</u>

Here, the court omitted nothing so crucial as an essential element of Lattner's crime. On the contrary, even if the court misread the sentence as it appears in the record, its context would have repaired any deficiency in meaning: "Your verdict, whether it is guilty or not guilty, must be unanimous . . . If you find him guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt. Either way, guilty or not guilty, your verdict must be unanimous." TR at 1140. The clear meaning of the instruction to any reasonable juror would have been that the jury's verdict must be unanimous. The twenty-one other instructions given by the court which accurately explain the burden of proof further controvert Lattner's assertion.[2]

Lattner's counsel was also not ineffective for his absence when the jury asked to review several evidentiary exhibits. The absence of Lattner's counsel at that point did not prejudice the

---

[2]TR at 1124, lines 4-7; TR at 1125, lines 7-13, 14-20, 21-25; TR at 1126, lines 1-6, 7-10; TR at 1131, lines 24-25; TR at 1132, lines 1, 5-6, 13-15; TR at 1133, lines 15-16; TR at 1134, lines 5-9; TR at 1135, lines 1-4, 17-19; TR at 1136, lines 7-13, 16-18; TR at 1141, lines 4-6, 12-14, 15-25; TR at 1142, lines 1-7; TR at 1143, lines 5-10, 23-25; TR at 1144, lines 4-6, 10-11.

defense because Lattner and his counsel were present when, prior to jury deliberations, the court first indicated that it would permit the jury to see the exhibits. Lattner and his counsel had the opportunity to object then but did not do so.

Similarly, Lattner's absence when the jury asked to review certain evidentiary exhibits did not prejudice the defense. In fact, one of the notes asked for a non-existent inventory of evidentiary items. Moreover, Lattner and his counsel were both present when the jury reviewed those exhibits that did exist. Neither Lattner nor his counsel objected while the jury reviewed the exhibits.

## II.  Effectiveness of Lattner's Appellate Counsel

Lattner asserts that his appellate counsel was ineffective for not procuring a transcript of the jury charge prior to perfecting his appeal and for omitting from the appeal issues of merit pertaining to the jury charge. Failure to obtain a transcript of the jury charge presumptively renders counsel's performance deficient. Hardy v. United States, 375 U.S. 277, 282 (1964); Moore v. Carlton, 74 F.3d 689, 693 (6th Cir. 1996); Bransford v. Brown, 806 F.2d 83, 86 (6th Cir. 1986). However, such a failure does not prejudice the defense *per se*, so a defendant must produce "even a modicum of evidence that the transcript would have revealed reversible error." Bransford, 806 F.2d at 87; See also Moore, 74 F.3d 689 at 693.

In this case, no reversible error arises from the allegedly missing jury charge transcript. While the parties dispute whether Lattner's appellate counsel actually failed to obtain the transcript, the resolution of that dispute is of no import.[3] For the reasons set forth above, none of

---

[3] The United States cites docket entry 118 to show that the jury charge transcript was produced. While this strongly suggests that Lattner's appellate counsel ordered and obtained the transcript, it is not conclusive; the docket does not indicate who ordered the transcript's

Lattner's ineffective assistance of counsel claims related to the jury charge have merit. As such, Lattner has not offered a modicum of evidence that the transcript's alleged absence would have prejudiced his defense, and thus has not shown his appellate counsel to have been ineffective on this ground.

Furthermore, Lattner argues that his appellate counsel was ineffective for not appealing the district court's denial of his motion for a new trial, which called into question how the jury interpreted certain evidentiary exhibits. The Federal Rules of Evidence, however, explicitly disallow juror testimony regarding "the effect of anything upon . . . [a] juror's mind or emotions as influencing the juror to assent to or dissent from the verdict." United States v. Gonzales, 227 F.3d 520, 524 (6th Cir. 2000) (quoting Fed. R. Evid. 606(b)). Nevertheless, Rule 606(b) makes exceptions for testimony as to extraneous prejudicial information presented to, or influence exerted upon, the jury during deliberations. Id.

Here, Lattner alleges no extraneous juror contact within either exception to Rule 606(b). He instead alleges that the jury mistook certain evidentiary exhibits for others presented at trial. Testimony as to such a mistake would describe nothing but the jury's mental and emotional state during deliberation, and thus would be barred under Rule 606(b). As such, Lattner's appellate counsel had no professional obligation to appeal the court's denial of his motion for a new trial and Lattner's claim therefore lacks merit. Thus, Latter's counsel was not deficient, nor was his defense prejudiced on this basis.

**ORDER**

IT IS HEREBY ORDERED that Petitioner James Lattner's September 7, 2005 motion to

---

production.

vacate sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

IT IS FURTHER ORDERED that Petitioner's April 27, 2006 motion for default judgment or summary judgment is **DENIED**.

s/John Corbett O'Meara<br>U.S. District Court Judge

Dated: July 24, 2006

Certificate of Service

I hereby certify that a copy of this Opinion and Order was served upon the attorneys and/or parties of record by electronic means or U. S. Mail on July 24, 2006.

s/William J. Barkholz<br>Case Manager