UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                       Case No. 01-80640

v.

                                       Hon. John Corbett O'Meara

JIM LATTNER,

    Defendant.

_____/

## ORDER DENYING
## MOTION FOR RECONSIDERATION

    Before the court is Defendant's motion for reconsideration, dated March 11, 2014. Defendant seeks reconsideration of this court's order denying his motion for early termination of supervised release.

    Defendant Jim Lattner was released from prison on August 20, 2010, and is currently on supervised release for a term of five years. Defendant seeks early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1). "Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release following its initial imposition of a supervised release term in order to account for new or unforeseen circumstances. Occasionally, changed circumstances – for instance, exceptionally

good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release – will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997).  See also United States v. Atkin, 38 Fed. Appx. 196, 198 (6th Cir. 2002) ("Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances – such as exceptionally good behavior.") (citing Lussier, 104 F.3d at 36).  The court must consider the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), which are also weighed by the court in determining the initial sentence.  See Lussier, 104 F.3d at 35-36.

    Defendant argues that he made a "good adjustment" and completed numerous courses while incarcerated.  Defendant has complied with the conditions of his supervised release, including submitting to random drug screens, which have been negative.  He has been employed since April 2013.  Defendant contends that his demonstrated rehabilitation warrants a termination of his supervised release.

    After considering the factors set forth in 18 U.S.C. § 3553, including the seriousness of Defendant's offense and the need for deterrence, the court concludes that Defendant has not demonstrated circumstances justifying termination of his

supervised release.  Although Defendant has complied with his conditions of supervised release and is employed "[a]ll of these activities are commendable but are expected of a person on supervised release and do not constitute the 'exceptional behavior' contemplated in the precedents. . . . Model prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." United States v. McKay, 352 F. Supp.2d 359, 361 (E.D. N.Y. 2005).

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for reconsideration is DENIED.

                                              s/John Corbett O'Meara
                                              United States District Judge

Date:  March 27, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, March 27, 2014, using the ECF system.

                                              s/William Barkholz
                                              Case Manager